UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                                No.  20-CR-317-LTS

JAMES MAYO,                                                <u>ORDER</u>

        Defendant.

------------------------------------------------------------x

        The change of plea hearing in this case is hereby rescheduled to occur as a video conference using the Zoom platform on **May 17, 2022,** at **11:00 a.m**.

        To optimize the quality of the video feed, only the Court, the Defendant, defense counsel, and counsel for the Government will appear by video for the proceeding; all others will participate by telephone. Only one counsel per party may participate. Co-counsel, members of the press, and the public may access the audio feed of the hearing by calling **888-363-4734** and using access code **1527005#** and security code **3254#.**

        In advance of the hearing, Chambers will email the parties with further information on how to access the video call. Those participating by video will be provided a link to be pasted into their browser. **The link** should be used **only** at the time of the hearing. To optimize use of the video conference technology, all those participating by video should:

1. Log in from a quiet, stationary, non-public location, in order to minimize background noise and potential service interruptions.

2. Use the most recent version of Firefox, Chrome, or Safari as the web browser.  Do **not** use Internet Explorer.

3. Use hard-wired internet or WiFi. If using WiFi, the device should be positioned as close to the Wi-Fi router as possible to ensure a strong signal. (Weak signals may cause delays or dropped feeds.)

4. Minimize the number of others using the same WiFi router during the hearing.

Further, all participants must identify themselves every time they speak, spell any proper names for the court reporter, and take care not to interrupt or speak over one another. Finally, all of those accessing the hearing — whether in listen-only mode or otherwise — are reminded that recording or rebroadcasting of the proceeding is prohibited. <u>See</u> Standing Order M-10-468, No. 21-MC-45 (S.D.N.Y. Jan. 19, 2021). Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

If Zoom does not work well enough and the Court decides to transition to its teleconference line, counsel should call **888-363-4734** and use access code **1527005#** and security code **3254#**. (Members of the press and public may call the same number, but will not be permitted to speak during the hearing.) In that event, counsel should adhere to the following rules and guidelines during the hearing:

1. Each party should designate a single lawyer to speak on its behalf (including when noting the appearances of other counsel on the telephone).

2. Counsel should dial in from a quiet, stationary, non-public location, use a landline whenever possible, use a headset instead of a speakerphone, and mute themselves whenever they are not speaking, to minimize background noise and service interruptions. In addition, counsel should not use voice-activated systems that do not allow the user to know when someone else is trying to speak at the same time.

3. To facilitate an orderly teleconference and the creation of an accurate transcript, counsel are *required* to identify themselves every time they speak. Counsel should spell any proper names for the court reporter. Counsel should also take special care not to interrupt or speak over one another.

4. If there is a beep or chime indicating that a new caller has joined while counsel is speaking, counsel should pause to allow the Court to ascertain the identity of the new participant and confirm that the court reporter has not been dropped from the call.

If possible, defense counsel shall discuss the attached Waiver of Right to be Present at Criminal Proceeding with the Defendant prior to the proceeding. If the Defendant consents, and is able to sign the form (either personally or, in accordance with Standing Order 20-MC-174 of March 27, 2020, by defense counsel), defense counsel shall file the executed form **at least 24 hours prior to the proceeding**. In the event the Defendant consents, but counsel is unable to obtain or affix the Defendant's signature on the form, the Court will conduct an inquiry at the outset of the proceeding to determine whether it is appropriate for the Court to add the Defendant's signature to the form.

SO ORDERED.

Dated: New York, New York    _/s/ Laura Taylor Swain_____
       May 16, 2022          LAURA TAYLOR SWAIN
                             Chief United States District Judge

April 8, 2020 P.M.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA

                -v-

JAMES MAYO,
                      Defendant.
------------------------------------------X

**WAIVER OF RIGHT TO BE PRESENT AT CRIMINAL PROCEEDING**

20-CR-317 (LTS)

**Check Proceeding that Applies**

_____   Entry of Plea of Guilty

I am aware that I have been charged with violations of federal law. I have consulted with my attorney about those charges. I have decided that I wish to enter a plea of guilty to certain charges. I understand I have a right to appear before a judge in a courtroom in the Southern District of New York to enter my plea of guilty and to have my attorney beside me as I do. I am also aware that the public health emergency created by the COVID-19 pandemic has interfered with travel and restricted access to the federal courthouse. I have discussed these issues with my attorney. By signing this document, I wish to advise the court that I willingly give up my right to appear in person before the judge to enter a plea of guilty. By signing this document, I also wish to advise the court that I willingly give up any right I might have to have my attorney next to me as I enter my plea so long as the following conditions are met. I want my attorney to be able to participate in the proceeding and to be able to speak on my behalf during the proceeding. I also want the ability to speak privately with my attorney at any time during the proceeding if I wish to do so.

Date:

Print Name                          Signature of Defendant

_____   Sentence

I understand that I have a right to appear before a judge in a courtroom in the Southern District of New York at the time of my sentence and to speak directly in that courtroom to the judge who will sentence me. I am also aware that the public health emergency created by the COVID-19 pandemic has interfered with travel and restricted access to the federal courthouse. I do not wish to wait until the end of this emergency to be sentenced. I have discussed these issues with my attorney and willingly give up my right to be present, at the time my sentence is imposed, in the courtroom with my attorney and the judge who will impose that sentence. By signing this document, I wish to advise the court that I willingly give up my right to appear in a courtroom in the Southern District of New York for my sentencing proceeding as well as my right to have my attorney next to me at the time of sentencing on the following conditions. I want my attorney to be able to participate in the proceeding and to be able to speak on my behalf at the proceeding.

I also want the ability to speak privately with my attorney at any time during the proceeding if I wish to do so.

Date: _____

Print Name _____   Signature of Defendant _____

I hereby affirm that I am aware of my obligation to discuss with my client the charges against my client, my client's rights to attend and participate in the criminal proceedings encompassed by this waiver, and this waiver and consent form. I affirm that my client knowingly and voluntarily consents to the proceedings being held with my client and me both participating remotely.

Date: _____

Print Name _____   Signature of Defense Counsel _____

**Addendum for a defendant who requires services of an interpreter:**

I used the services of an interpreter to discuss these issues with the defendant. The interpreter also translated this document, in its entirety, to the defendant before the defendant signed it. The interpreter's name is: _____.

Date: _____

Signature of Defense Counsel

**Accepted:** _____

Signature of Judge
Date:

2